IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY L. FORBES

    v.              :    Civil Action No. DKC 25-3470

CHARLES R. ROBERTSON, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case are a motion to compel arbitration and stay the proceedings filed by Defendants Charles R. Robertson ("Mr. Robertson") and Robertson Logistics, LLC ("Robertson Logistics"), (collectively, "Robertson Defendants"), (ECF No. 25), joined by Defendant Amazon.com, Inc. ("Amazon"), (ECF No. 26), and five motions filed by Plaintiff Anthony Forbes ("Plaintiff"): a motion to strike Amazon's reply, (ECF No. 31), a motion to strike Robertson Defendants' reply and for sanctions, (ECF No. 32), a motion for default judgment, (ECF No. 37), a motion for an extension of time to file a response, (ECF No. 43), and a motion to disregard or, in the alternative, strike Defendants' reply to the court's letter order, (ECF No. 47).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to compel arbitration filed by the Robertson Defendants and

joined by Amazon will be granted; the motion to strike Amazon's reply will be denied; the motion to strike Robertson Defendants' reply and for sanctions will be denied; the motion for default judgment will be denied; the motion for an extension of time to file a response will be granted; and the motion to strike Defendants' reply to the court's letter order will be denied.

## I.   Background[1]

Robertson Logistics is a local delivery company based in Broad Run, Virginia, owned by Mr. Robertson.  (ECF No. 25-1, at 2). Robertson Logistics contracts with Amazon to provide delivery services.  (*Id.*)  Robertson Logistics hired Plaintiff, a Black man, in December 2023.  (ECF No. 1-1, at 1).  Plaintiff completed his onboarding in January 2024, (*Id.*), which included signing an arbitration agreement, (ECF No. 25-1, at 2).  To sign the agreement, Plaintiff had to scroll through the entire agreement and tap a button labelled "I Agree and Accept." (*Id.*)  Robertson Logistics neither provided Plaintiff with a work schedule after his onboarding nor fired him but did send him several small checks. (ECF No. 1-1, at 1).  Robertson Logistics states that the training was paid.  (ECF No. 30, at 6).  Plaintiff alleges other members of his training class belonging to a different race received schedules

---

[1] All facts are alleged in the complaint or included in documents supporting the motion to compel arbitration briefing.

and began work shortly after completing their training.  (ECF No. 1-1, at 1).

On October 21, 2025, Plaintiff brought this lawsuit alleging violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.[2]  (ECF Nos. 1, at 8; 1-1, at 1-3).  Robertson Defendants filed a motion to compel arbitration and stay the proceedings on January 28, 2026, (ECF No. 25), which Amazon joined the same day, (ECF No. 26).  Plaintiff filed his response in opposition to the motion to compel arbitration, (ECF No. 28), on February 10, 2026, to which Amazon, (ECF No. 29), and Robertson Defendants, (ECF No. 30), replied on February 24, 2026.  Plaintiff then filed a motion to strike Amazon's reply the following day, (ECF No. 31).  On February 26, 2026, Plaintiff filed a motion for sanctions and to strike Robertson Defendants' response in support of their motion to compel arbitration.  (ECF No. 32).  Plaintiff filed a motion for default judgment on March 16, 2026, and a memorandum of law in support of that motion on March 19, 2026. (ECF No. 37, 38).  Robertson Defendants opposed the motion for default judgment on March 30, 2026, (ECF No. 39), as did Amazon on

---

[2] Under the section "Basis for Jurisdiction" in the *pro se* complaint form, Plaintiff wrote that he is bringing the action for discrimination in employment pursuant to Title VII, the Civil Rights Act of 1866 (of which 42 U.S.C. § 1981 is a part), and the Virginia Human Rights Act. (ECF No. 1, at 4).  His written complaint does not mention the Virginia Human Rights Act.

March 31, 2026, (ECF No. 40).    Robertson Defendants apparently believed that Plaintiff's memorandum of law in support of his motion for default judgment, (ECF No. 38), was a second motion for default judgment and filed an opposition to that filing on April 2, 2026, (ECF No. 41).

On May 28, 2026, the Supreme Court of the United States decided *Flowers Foods, Inc. v. Brock*, 146 S.Ct. 1358 (2026), and held, *inter alia*, that a worker who transports goods on an intrastate leg of an interstate journey can qualify for the Federal Arbitration Act's ("FAA") § 1 exemption without crossing state lines.  *Id*. at 1366.  On June 10, 2026, the court issued a letter order directing the parties to address whether *Flowers Foods* impacted Defendants' joint motion to compel arbitration and stay the proceedings.  (ECF No. 42).  Defendants filed a joint response on June 24, 2026.  (ECF No. 44).   Plaintiff requested an extension of time to file his response on June 22, 2026, (ECF No. 43), and then submitted his response on July 6, 2026, (ECF No. 45). Defendants replied to Plaintiff's response on July 14, 2026.  (ECF No. 46).  Finally, Plaintiff filed a motion to disregard or strike Defendants' reply to his response to the letter order on July 17, 2026.  (ECF No. 47).

## II.  Standard of Review

"Motions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment." *Ford v. Genesis Fin. Sols., Inc.*, 726 F.Supp.3d 441, 448 (D.Md. 2024) (quoting *PC Constr. Co. v. City of Salisbury*, 871 F.Supp.2d 475, 477–78 (D.Md. 2012)), *aff'd*, No. 24-1341, 2025 WL 1540933 (4th Cir. May 30, 2025).  Treating a motion to compel arbitration under the summary judgment standard is proper when the parties dispute the formation of an arbitration agreement.  *Ford v. Genesis Fin. Sols., Inc.*, 726 F.Supp.3d 441, 448 (D.Md. 2024) (quoting *PC Constr. Co. v. City of Salisbury*, 871 F.Supp.2d 475, 477–78 (D.Md. 2012)), *aff'd*, No. 24-1341, 2025 WL 1540933 (4th Cir. May 30, 2025); *see also Reed v. LTN Glob. Commc'ns, Inc.*, No. 24-cv-03649-JRR, 2025 WL 2653196, at *3 (D.Md. Sep. 16, 2025) (noting that "where there are issues as to the validity of the agreement to arbitrate, courts analyze such motions under a summary judgment standard").

Fed.R.Civ.P. 56(a) provides that a court, "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In determining whether a moving party has made that showing, a court must consider the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v.*

5

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  (*Id*.)  In applying the summary judgment standard in the context of compelling arbitration, "the burden is on the defendant to establish the existence of a binding contract to arbitrate the dispute."  *Austin v. Experian Info. Sols., Inc.*, 148 F.4th 194, 202 (4th Cir. 2025) (citation modified) (quoting *Rowland v. Sandy Morris Fin. & Est. Plan. Servs., LLC*, 993 F.3d 253, 258 (4th Cir. 2021)).

Plaintiff in this case is *pro se*.  Courts hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The court has an obligation to construe pleadings of self-represented litigants liberally.  *Id*.  It is not necessary, however, to "conjure up questions never squarely presented," or to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## III. Analysis

### A.   Motion for an Extension of Time (ECF No. 43)

Plaintiff requested an extension of time to respond to the court's letter order directing the parties to address whether 9 U.S.C. § 1 precluded the motions to compel.  (ECF No. 43). "Although court deadlines are not to be taken lightly or recklessly disregarded, the court has discretion to excuse minor delays, particularly where no party has been prejudiced."  *Ground Zero Museum Workshop v. Wilson*, 813 F.Supp.2d 678, 689 (D.Md. 2011). Plaintiff's motion for an extension of time was unopposed and submitted prior to the court's deadline.  It will be granted.  *See Nordman v. Tadjer-Cohen-Edelson Assocs., Inc.*, No. 21-cv-1818-DKC, 2024 WL 895122 at *3 (D.Md. Mar. 1, 2024), *reconsideration denied*, No. 21-cv-1818-DKC, 2024 WL 1513522 (D.Md. Apr. 8, 2024) (granting a motion for an extension of time where it was unopposed).  The court will consider Plaintiff's response to this court's letter order.

### B.   Motion to Compel Arbitration (ECF Nos. 25, 26)

In the Robertson Defendants' motion to compel arbitration, which Amazon joined, Defendants sought to compel arbitration under the FAA.  (ECF No. 25-1, at 11).  After filing their motion, however, the Supreme Court of the United States decided *Flowers Foods,* which held, *inter alia*, that a worker who transports goods

7

on an intrastate leg of an interstate journey can qualify for the FAA § 1 "transportation worker" exemption without crossing state lines.  *Flowers Foods*, 146 S.Ct. at 1363.  Robertson Logistics provides delivery services for Amazon, a well-known interstate distributor of goods.  The court ordered the parties to brief whether § 1 precluded the motion to compel.  (ECF No. 42).  In the parties' responses to that order, they unsurprisingly dispute whether Plaintiff is a transportation worker eligible for § 1's exception.[3]  (ECF Nos. 45-1, at 2; 46, at 2).  Whether the § 1 exemption applies, however, has "no impact on other avenues (such as state law) by which a party may compel arbitration."  *Oliveira v. New Prime, Inc.*, 857 F.3d 7, 24 (1st Cir. 2017), *aff'd*, 586 U.S. 105 (2019); *see de Jesus-Israel v. U-Haul Co. of Va.*, 571 F.Supp.3d 490, 497 n.6 (E.D.Va. 2021) (noting the arbitration contract would be enforceable under Virginia law even if the FAA § 1 exemption applied).  Because the last mile issue is not dispositive of the outcome, the court will turn to other matters without deciding it.

---

[3] Defendants also contend that Plaintiff waived his right to assert that he qualifies for the § 1 exemption. (ECF No. 44, at 2).  It is not clear that the § 1 exemption is waivable, particularly considering the latitude given to *pro se* litigants. Nevertheless, "a court should decide for itself whether § 1's 'contracts of employment' exclusion applies before ordering arbitration."  *New Prime Inc. v. Oliveira*, 586 U.S. 105, 111 (2019).

Defendants now seek to compel arbitration under the Virginia Uniform Arbitration Act ("VUAA").  (ECF Nos. 44, at 4-6; 46, at 1).  Like the FAA, the VUAA reflects a public policy in favor of arbitration.  *Boyle v. Anderson*, 301 Va. 52, 56 (2022).  The VUAA provides, in relevant part, that:

> [§ 8.01-581.01] A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract.
>
> [§ 8.01-581.02(A)] On application of a party showing an agreement described in § 8.01-581.01, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration.  However, if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue of the existence of an agreement and shall order arbitration only if found for the moving party.

Va. Code § 8.01-581.01-02.

Defendants' initial motion to compel arbitration only referenced the FAA, not the VUAA.  As Plaintiff suggests, (ECF No. 47, at 2), Defendants did not mention the VUAA until the court asked the parties to consider how *Flowers Foods* changed the landscape for their FAA argument.  Thus, the question arises whether Defendants have waived or forfeited their right to move to compel arbitration under the VUAA.

> Waiver, we have said, "is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733[] (1993) (internal quotation marks omitted). To decide whether a waiver has occurred, the court focuses on the actions of the person who held the right; the court seldom considers the effects of those actions on the opposing party. That analysis applies to the waiver of a contractual right, as of any other.

*Morgan v. Sundance, Inc*., 596 U.S. 411, 417 (2022). Thus, the test is whether the party seeking to compel arbitration "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right[.]" *Id*. at 419. With the leeway granted to *pro se* plaintiffs, Plaintiff's filing raises the question whether Defendants' failure to rely on the VUAA in their initial motion papers waives their right to rely on state law.

There is persuasive case authority showing that a party does not waive an argument under a state arbitration law by not raising it in an initial motion to compel. In one case, the United States Court of Appeals for the Seventh Circuit held that a party could move to compel arbitration under state law even after the district court denied an earlier motion to compel arbitration under only the FAA because the transportation worker exemption applied. *Rodgers-Rouzier v. Am. Queen Steamboat Operating Co.*, *LLC*, 104 F.4th 978, 983 (7th Cir. 2024). Precedent in our circuit supports the outcome; the Fourth Circuit found "no authority—not the FAA,

10

the Federal Rules of Civil Procedure, or any other source of law of which we are aware—limits a party to only one motion" to compel arbitration under the FAA. *Dillon v. BMO Harris Bank, N.A.,* 787 F.3d 707, 715 (4th Cir. 2015). Finally, Defendants' actions do not support finding a waiver of their arbitration right. "[T]o waive the right to arbitration, Defendants must (1) know of an existing right to arbitration; and (2) act inconsistently with that right." *Holloman v. Consumer Portfolio Servs., Inc.*, No. 23-cv-134-RDB, 2023 WL 4027036, at *9 (D.Md. June 15, 2023) (citing *Morgan*, 596 U.S. at 419). Defendants have acted consistently with their right to arbitration by moving to compel arbitration before filing a responsive pleading. Additionally, the arbitration agreement contains the following language:

> If, for any reason, the FAA or federal common law is found not to apply to this Agreement (or its agreement to arbitrate), then applicable state law shall govern.

(ECF No. 25-3, at 4). Courts in this circuit have previously acknowledged that the state arbitration provisions are not displaced by the FAA. *See, e.g.*, *de Jesus-Israel*, 571 F.Supp.3d at 497 n.6 (citing to the parties' arbitration agreement to say "even if this narrow exemption [for transportation workers under § 1] applied to the case at hand, the parties' Arbitration Agreement would nevertheless be enforceable under Virginia law").

11

The court thus applies the VUAA to determine if it is appropriate to compel arbitration.

> Under the VUAA, "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract." Va. Code § 8.01-581.01.8.  While the VUAA does not specify what grounds "exist[ing] at law or in equity" would merit the revocation of a contract, under the FAA, such grounds include "fraud, duress, and unconscionability." *See Hawthorne v. Bj's Wholesale Club*, No. 3:15-cv-572, 2016 WL 4500867, at *5 (E.D.Va. Aug. 26, 2016) (internal quotation marks omitted) (citing *Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 305 (4th Cir. 2001)).

*Buckmire v. LaserShip, Inc.*, No. 1:20-CV-01493 (PTG/IDD), 2022 WL 4585523, at *8 (E.D.Va. Sept. 29, 2022).  After finding an agreement to arbitrate, the court must determine if the issue is one that the parties agreed to arbitrate.  *Church Mut. Ins. Co., S.I. v. Ephesus Richmond Seventh-Day Adventist Church*, 84 Va.App. 371, 385 (2025) ("Without an agreement to arbitrate a particular point, a party cannot be subject to the arbitration process itself").

**1.   Formation, Scope of the Arbitration Agreement**

"Whether parties have a valid arbitration agreement governing a dispute is a question of applicable state contract law." *David v. Tesla*, 720 F.Supp.3d 390, 396 (D.Md. 2024) (quoting *Adkins v.*

12

*Lab. Ready, Inc.*, 303 F.3d 496, 501 (4th Cir. 2002)).  The court will apply Maryland's choice of law rules.  In a contract dispute, Maryland courts generally apply the law of the location where the parties formed the contract.  *Allstate Ins. Co. v. Hart*, 327 Md. 526, 529-30 (1992) (noting the rule of *lex loci contractus* applies unless a contract provision is contrary to Maryland public policy).  Plaintiff had a Virginia address when he completed his onboarding and Robertson Logistics is based in Virginia, so Virginia contract law controls.  (ECF Nos. 25-1, at 6; 1-4, at 1).

Under Virginia law, "[a] valid contract requires offer, acceptance, and consideration."  *Anderson v. Ford Motor Co.*, No. 3:22-CV-758-HEH, 2024 WL 815505, at *4 (E.D.Va. Feb. 27, 2024) (citing *Snyder-Falkinham v. Stockburger*, 249 Va. 376, 381 (1995)).  All three are present here.  Robertson Logistics offered Plaintiff the arbitration agreement as a condition of his employment.  (ECF No. 25-1, at 2).  Plaintiff accepted this offer and the terms therein by scrolling through the terms and selecting "I Agree and Accept."  (ECF No. 25-1, at 7).  Courts have held that electronic signatures, including as part of a longer onboarding process, can establish that an individual signed an arbitration agreement.  *See Mason v. Domino's Pizza*, LLC, No. 20-cv-1908-DLB, 2021 WL 4820520, at *5 (D.Md. Oct. 15, 2021); *Eubank v. Camping World RV Sales, LLC*, 764 F.Supp.3d 321, 327 (E.D.Va. 2025).  Finally, the

13

arbitration agreement contract is supported by consideration because both parties promised to be bound by the terms of the arbitration agreement. *See Sfreddo v. Sfreddo*, 59 Va.App. 471, 489-90 (2012) (noting that a "return promise" is sufficient consideration). In sum, Robertson Logistics made an offer that Plaintiff accepted, and the contract is supported by consideration.

Plaintiff challenges the formation of an arbitration agreement by arguing fraud in the inducement. (ECF No. 28, at 4). Specifically, Plaintiff argues "Defendant induced Plaintiff's purported assent by misrepresenting and concealing material facts regarding the terms of employment – including the existence of a work schedule and the provision of agreed-upon benefits. . . . Had Plaintiff known the truth, he would not have checked any box, clicked any electronic acknowledgement, or signed any document containing an arbitration agreement." (*Id.*) But the record indicates that the arbitration agreement did not promise a schedule in exchange for signing the arbitration agreement. (ECF No. 25-2). Plaintiff's fraud in the inducement argument is an argument about the entire employment contract, not the arbitration provision itself, making it unavailing:

> The law is well settled in this circuit that, if a party seeks to avoid arbitration and/or a stay of federal court proceedings pending the outcome of arbitration by challenging the

14

> validity or enforceability of an arbitration provision on any grounds that "exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, the grounds "must relate specifically to the arbitration clause and not just to the contract as a whole." *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999). *See also Jeske v. Brooks*, 875 F.2d 71, 75 (4th Cir. 1989) (refusing to consider party's arguments that arbitration clause must be declared invalid on grounds that customer's agreement as a whole was invalid due to overreaching, unconscionability, fraud, and lack of consideration, because the alleged defects pertained to the entire contract, rather than specifically to the arbitration clause).

*Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 636-37 (4th Cir. 2002); *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-404 (1967). The arbitration agreement was validly formed and will be enforced.[4]

Plaintiff's claims are contemplated within the scope of the arbitration agreement. Plaintiff brings claims under Section 1981 and Title VII, alleging discrimination, harassment, and

---

[4] Plaintiff makes a related argument that Defendants committed wire fraud as part of their fraudulent inducement of the contract. (ECF No. 28, at 5). Specifically, he says Robertson Logistics "used interstate wires–including email, internet-based onboarding systems, and telephone communications–to misrepresent and conceal material facts regarding Plaintiff's employment, including the existence of a work schedule and promised benefits." (*Id*.) This argument relates to the formation of the employment contract, not the arbitration agreement, and so fails for the same reason as his fraud in the inducement argument.

15

retaliation.  (ECF No. 1-1, at 1-3).  The arbitration agreement

provides a list of covered claims, which include the following:

> The claims covered by this Agreement include,
> but are not limited to claims asserted under
> or relating to: (i) Title VII of the Civil
> Rights Act of 1964 and similar state statutes;
> . . . (xv) any common law, or statutory law
> issues relating to discrimination by . . .
> race . . . or any other characteristic
> protected by applicable law; (xvi) wrongful
> retaliation of any type . . .

(ECF No. 25-2, at 25).  The plain language contemplates all of

Plaintiff's claims.  The court will enforce the parties' agreement

to arbitrate this dispute.

### 2.   Enforcement by Beneficiaries

Finally, Mr. Robertson and Amazon are third-party

beneficiaries to the arbitration contract and are entitled to

enforce its terms.  The plain text of the contract states that it

covers Robertson Logistics' affiliates and owners:

> "Covered Parties" means the Company, any
> entity formerly or currently owned,
> affiliated, controlled or operated by the
> Company (a "company entity"), clients of the
> Company or a company entity, and the former
> and current officers, directors, managers,
> employees, owners, attorneys, agents, and
> vendors of the Company and/or a company entity
> and/or clients of the Company.

(ECF No. 25-2, at 25).  Amazon is an affiliate; Robertson Logistics

participates in Amazon's Delivery Service Partner Program.  (ECF

No. 25-1, at 1-2).  Charles Robertson is the owner of Robertson

16

Logistics.  (*Id.* at 2).  Accordingly, the terms of the contract cover both parties, and both Mr. Robertson and Amazon are entitled to enforce its terms.

### C.    Motion to Strike Untimely Filing (ECF No. 31)

Plaintiff incorrectly asserts that Amazon's reply in support of their motion to compel arbitration was untimely and then asks the court to impose sanctions on Amazon.  (ECF No. 31, at 1, 2).  But Amazon's reply was not untimely.  Local Rule 105.2.a governs the filing schedule for motions, briefs, and memoranda and provides:

> All motions must be filed within deadlines set by the Court.  Unless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion and any reply memoranda within fourteen (14) days after service of the opposition memoranda.  Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed.

Local Rule 105.2.a.

The court gave Amazon through January 28, 2026, to file their response to the complaint.  (ECF No. 19).  Amazon timely joined the Robertson Defendants' motion to compel arbitration on January 28, 2026.  (ECF No. 26).  Plaintiff filed his response to the motions to compel on February 10, 2026.  (ECF No. 28).  Accordingly, Amazon had until February 24, 2026, to file their reply and did so that day.  (ECF No. 29).  The court finds no basis

17

to strike Amazon's timely filing or impose sanctions.  Plaintiff's motion to strike and impose sanctions on Amazon, (ECF No. 31), will be denied.

**D.    Motion to Strike Reply and Impose Sanctions (ECF No. 32)**

Next, seeking sanctions on the Robertson Defendants, Plaintiff alleges that the Robertson Defendants' reply to Plaintiff's response to the motion to compel arbitration, (ECF No. 30), was filed for an improper purpose. (ECF No. 32).  Plaintiff invokes Fed.R.Civ.P. 11(b)(1), which allows the court to impose sanctions when a filing is made for an improper purpose or delay. (*Id.* at 1).  But the Robertson Defendants' motion, (ECF No. 25), and reply, (ECF No. 30), had a proper purpose.  Robertson Defendants assert that the controversy is subject to an arbitration agreement. (ECF No. 25).  Accordingly, the proper procedure for Robertson Defendants was exactly what they did: move to stay the proceedings and compel arbitration.  Thus, the Robertson Defendants' motion and their reply in response to Plaintiff's opposition to that motion were filed for a proper purpose.

Plaintiff also asks the court to strike and impose sanctions under Fed.R.Civ.P. 12(f), Fed.R.Civ.P. 16(f), and 28 U.S.C. § 1927. None are availing.  Fed.R.Civ.P. 12(f) states, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Nothing in

Robertson Defendants' reply brief satisfies these criteria. (ECF No. 30). Additionally, this rule applies to pleadings, not motions. *See* Fed.R.Civ.P 7 (defining pleadings and motions). Fed.R.Civ.P. 16(f) applies at the pretrial conferencing and scheduling phase, which has not been reached in this case. 28 U.S.C. § 1927 governs "[c]ounsel's liability for excessive costs." This statute allows the court to impose sanctions when an attorney or individual "multiplies the proceedings . . . unreasonably and vexatiously." *Id*. But imposing costs under this statute requires a prior finding of bad faith, which will not be made here given the timely and proper filing of the Robertson Defendants' papers. *See Thomas v. Treasury Mgmt. Ass'n.*, 158 F.R.D. 364, 371 (D.Md. 1994). Given the Robertson Defendants' proper purpose and timely filings, there is no basis for striking any of their filings or imposing sanctions. Plaintiff's motion to strike and impose sanctions on the Robertson Defendants, (ECF No. 32), will be denied.

### E.    Motion for Default Judgment (ECF No. 37, 38)

Plaintiff filed a motion for default judgment on March 16, 2026, and memorandum of law in support of that motion on March 19, 2026. (ECF Nos. 37, 38). "Federal Rule of Civil Procedure 55(b)(2) authorizes the entry of default judgment against a properly served defendant who fails to file a timely responsive

pleading." *Nautilus Ins. Co. v. REMAC Am., Inc.*, 956 F.Supp.2d 674, 679 (D.Md. 2013).  This motion rests on the same mistaken basis as Plaintiff's motions to strike and sanction; Defendants are not required to file a responsive pleading during the pendency of their motion to compel arbitration and have consistently participated in this litigation.  The motion will be denied.  *See Romero v. Barnett*, No. 09-cv-2371-DKC, 2011 WL 1938147 at *2 (D.Md. May 20, 2011) (denying plaintiff's motion for default judgment where defendants answered late but thoroughly litigated a potentially dispositive motion).

**F.    Motion to Strike Reply (ECF No. 47)**

Plaintiff filed a motion to "disregard, or in the alternative, strike Defendants' reply to Plaintiff's argument regarding the transportation-worker exemption under the Federal Arbitration Act" on July 17, 2026.  (ECF No. 47).  While Plaintiff does not identify a particular procedural underpinning, the court retains the inherent authority to strike filings that are improper or abusive. *See Morris-Wilkins v. Joyner,* No. 5:24-CV-00462-M-RN, 2025 WL 1296214 at *1 (E.D.N.C. May 5, 2025) (citing *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009)).  Defendants' responsive filings to the court's order directing the parties to address the transportation-worker exemption are, plainly, neither improper nor abusive.  Plaintiff

argues that the Defendants' responses went beyond what was requested in the court's letter order requesting briefing on the impact of the *Flowers Foods* decision.  (ECF No. 47, at 3).  While Plaintiff may have a point, disagreement about the scope of an argument is not a cause for striking a filing.  Accordingly, the motion to strike Defendants' reply, (ECF No. 47), will be denied.

## IV.  Conclusion

For the foregoing reasons, the motion to compel arbitration will be granted; the motion to strike an untimely filing will be denied; the motion to strike Defendants' reply and for sanctions will be denied; the motion for default judgment will be denied; the motion for an extension of time to file a response will be granted; and the motion to strike Defendants' reply to the court's letter order will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
